CSD 1160 [05/15/03]
Name, Address, Telephone No. & I.D. No.

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re

Debtor.

BANKRUPTCY NO.

Moving Party

RS NO.

Respondent(s)

**MOTION FOR RELIEF FROM AUTOMATIC STAY**
☐ REAL PROPERTY    ☐ PERSONAL PROPERTY

Movant in the above-captioned matter moves this Court for an Order granting relief from the automatic stay on the grounds set forth below.

1. A Petition under Chapter ☐ 7 ☐ 11 ☐ 12 ☐ 13 was filed on _____.

2. Procedural Status:
   a. ☐ Name of Trustee Appointed *(if any)*:

   b. ☐ Name of Attorney of Record for Trustee *(if any)*:

   c. ☐ *(Optional)* Prior Filing Information:
      Debtor has previously filed a Bankruptcy Petition on:_____.
      If applicable, the prior case was dismissed on: _____.

   d. ☐ *(If Chapter 13 case)*: Chapter 13 Plan was confirmed on _____ or a confirmation hearing is set for _____.

Movant alleges the following in support of its Motion:

1. ☐ The following real property is the subject of this Motion:
   a. Street address of the property including county and state:

   b. Type of real property (e.g., single family residence, apartment building, commercial, industrial, condominium, unimproved):

   c. Legal description of property is attached as Exhibit A.

CSD 1160

      d.    If a chapter 11 or 13 case and if non-payment of any post-petition payment is a ground for relief, attach the accounting required by Local Bankruptcy Rule 4001-2(a)(4) as Exhibit B.

      e.    *Fair market value of property as set forth in the Debtor's schedules: $_____.

      f.    *Nature of Debtor's interest in the property:

2. ☐ The following personal property is the subject of this Motion *(describe property)*:

      a.    Fair market value of property as set forth in the Debtor's schedules: $_____.

      b.    Nature of Debtor's interest in the property:

3. *Fair market value of property according to Movant: $_____.

4. *Nature of Movant's interest in the property:

5. *Status of Movant's loan:
    a.    Balance owing on date of Order for Relief:    $_____
    b.    Amount of monthly payment:    $_____
    c.    Date of last payment:    _____
    d.    If real property,
        i.    Date of default:    _____
        ii.    Notice of Default recorded on:    _____
        iii.    Notice of Sale published on:    _____
        iv.    Foreclosure sale currently scheduled for:    _____
    e.    If personal property,
        i.    Pre-petition default:    $_____    No. of months:_____
        ii.    Post-petition default:    $_____    No. of months:_____

6. *(If Chapter 13 Case, state the following:)*
    a.    Date of post-petition default:    _____
    b.    Amount of post-petition default:    $_____

7. Encumbrances:
    a.    Voluntary encumbrances on the property listed in the Schedules or otherwise known to Movant:

| Lender Name | Principal Balance | (IF KNOWN) Pre-Petition Arrearages Total Amount - # of Months | Post-Petition Arrearages Total Amount - # of Months |
|---|---|---|---|
| 1st: | | | |
| 2nd: | | | |
| 3rd: | | | |
| 4th: | | | |
| Totals for all Liens: | $ | $ | $ |

    b.    Involuntary encumbrances of record (e.g., tax, mechanic's, judgment and other liens, lis pendens) as listed in schedules or otherwise known to Movant:
        ☐ See attached page, if necessary.

*Separately filed Declaration required by Local Bankruptcy Rule 4001-2(a)(5).
CSD 1160

8. Relief from the automatic stay should be granted because:

   a. ☐ Movant's interest in the property described above is not adequately protected.

   b. ☐ Debtor has no equity in the ☐ real property ☐ personal property described above and such property is not necessary to an effective reorganization.

   c. ☐ The property is "single asset real estate", as defined in 11 U.S.C. § 101(51B), and 90 days (or _____ days as ordered by this court) have passed since entry of the order for relief in this case, and

      i. the Debtor/Trustee has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; and

      ii. the Debtor/Trustee has

         (1) ☐ not commenced monthly payments to each creditor whose claim is secured by the property (other than a claim secured by a judgment lien or by an unmatured statutory lien), or

         (2) ☐ commenced payments, but such payments are less than an amount equal to interest at a current fair market rate on the value of each creditors' interest in the property.

   d. ☐ *Other cause exists as follows *(specify)*: ☐ See attached page.


When required, Movant has filed separate Declarations pursuant to Local Bankruptcy Rule 4001-2(a)(5) and (6).

Movant attaches the following:

1. ☐ Other relevant evidence:


2. ☐ *(Optional)* Memorandum of points and authorities upon which the moving party will rely.


WHEREFORE, Movant prays that this Court issue an Order granting the following:

☐ Relief as requested.

☐ Other:


Dated:

_____
[Attorney for] Movant


*Separately filed Declaration required by Local Bankruptcy Rule 4001-2(a)(5).
CSD 1160

Escrow No. 07-01-0192TV

# EXHIBIT "A"

PARCEL I:

Lot 15 in Block A of PARCEL W IN THE CROSSING AT SUMMERLIN, as shown by map thereof on file in Book 67, of Plats, Page 11, and amended by that certain Certificate of Amendment recorded June 6, 1996 in Book 960606 as Document No. 02322, in the Office of the County Recorder of Clark County, Nevada.

PARCEL II:

A non-exclusive easement for ingress and egress on and over the Common Elements and Association Property, as set forth in the Declaration of Covenants, Conditions, Restrictions and Reservation of Easements for SUMMERLIN COMMUNITY ASSOCIATION, recorded September 25, 1990 in Book 900925 as Document NO. 01274, and amended and Restated Declaration of Covenants, Conditions, Restrictions and Reservation of Easements for SUMMERLIN NORTH COMMUNITY ASSOCIATION recorded August 15, 1997 in Book 970815 as Document No. 00692, and further set forth in the Declaration of Covenants, Conditions and Restrictions and Declaration of Annexation and Master Association Approval for PACIFIC VINTAGE (PARCEL W IN THE CROSSING AT SUMMERLIN) a Planned Community recorded April 2, 1996 in Book 960402 as Document No. 00917, as the same may from time to time be amended and/or supplemented, which easement is appurtenant to Parcel 1.